**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **JAMES WASHINGTON,** | * |
| Plaintiff, | * |
| v. | *    Case No.: PWG-13-2599 |
| **GIANT OF MARYLAND LLC,**[1] ***et al.*,** | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff, a former employee of Defendant Giant of Maryland LLC ("Giant"), has brought this action alleging that Giant breached a collective bargaining agreement by terminating him. Plaintiff further alleges that Defendant United Food and Commercial Workers Union, Local 400 (the "Union") breached its duty of fair representation in connection with Plaintiff's termination. Both Defendants separately have moved to dismiss on the grounds that these claims were brought outside of the six-month statute of limitations for such actions.[2]  Because I agree with Defendants, the motions to dismiss ARE GRANTED.

**I.      BACKGROUND**

For purposes of considering Defendants' Motions, this Court accepts the facts that Plaintiff alleged in his Amended Complaint, which is the operative complaint, as true. *See Aziz*

---

[1] Plaintiff "incorrectly names 'Giant Food LLC' as the Defendant," while "[t]he entity that employed Plaintiff, and therefore the proper corporate defendant, is Giant of Maryland LLC." Giant's Mot. 1. n.1.  The case caption shall be changed to reflect the proper defendant.

[2] The motions, ECF Nos. 18 & 21, have been briefed fully, ECF Nos. 18-1, 21-1, 26, 27, 28, & 29.  A hearing is not necessary. *See* Loc. R. 105.6.

*v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).  Plaintiff, a member of the Union, began working for Giant in 1998.  Am. Compl. ¶ 7, ECF No. 12.  Plaintiff claims that "his position was a full-time position" and that he "was given a managerial uniform," even though "the necessary steps to make the Plaintiff a full-time employee, per the terms of the Bargaining Agreement, were not performed."  *Id.* ¶¶ 14, 18–19.  "Plaintiff was one of the employees entitled to benefits of the Collective Bargaining Agreement (CBA) [between the Union and Giant], including its prohibition against unjust discharges."  *Id.* ¶ 12.

On some unspecified date in 2009, Plaintiff suffered an injury in the course of his employment, filed a worker's compensation claim, and "spent several months in intensive therapy," after which he returned to work.  *Id.* ¶¶ 20–21.  When he received notice of a hearing regarding his claim, Plaintiff informed his supervisor that he was unavailable to work during a shift that conflicted with the time of the hearing, and his supervisor acknowledged this communication.  *Id.* ¶¶ 22–24.  Plaintiff was terminated the day after the hearing.  *Id.* ¶ 25.  Plaintiff does not provide the date of his termination.  According to Giant, Plaintiff was terminated "in 2009," Giant Mem. 5, and Plaintiff does not contest this fact.

Plaintiff filed his original Complaint on October 4, 2013.[3]  ECF No. 3.  Following a six-month period of inaction, I ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute, ECF No. 8, and, after he showed cause, ECF No. 9, I further ordered Plaintiff to file an amended complaint to add the Union as a Defendant.  Order, ECF No. 11.  As noted, Plaintiff's Amended Complaint[4] states a claim for breach of the CBA against

---

[3] Plaintiff's initial filing on October 2, 2013, ECF No. 1, consisted of a civil cover sheet without an actual complaint.  Plaintiff properly re-filed his Complaint on October 4, 2013.

[4] Although Plaintiff entitles his amended complaint as "Complaint," I will refer to it as the Amended Complaint to reflect the actual sequence of filings.

2

Giant and a claim for breach of the duty of fair representation against the Union.  Am. Compl. ¶¶ 29, 30.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  A plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar any recovery. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense").

**III.     DISCUSSION**

**A.  Breach of the CBA**

In 1947 Congress enacted the Labor Management Relations Act ("LMRA"), establishing a statutory framework for labor disputes and, in § 301, authorizing suits for breaches of collective bargaining agreements.  29 U.S.C. § 185.  Such claims, properly considered as allegations of unfair labor practices, are governed by the six-month statute of limitations in § 10(b) of the National Labor Relations Act ("NLRA"), codified at 29 U.S.C. § 160(b). *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1963).  "The general rule is that a cause of action accrues when the plaintiff knows or should have known that a violation of his rights has occurred." *Gilfillan v. Celanese Ag*, 24 F. App'x 165, 167 (4th Cir. 2001).

According to the Amended Complaint, Plaintiff suffered his injury in 2009 and was terminated the day after the hearing on his worker's compensation claim.  Am. Compl. ¶¶ 20, 25. His termination appears to be the violation of his rights that forms the basis for his breach of CBA claim.  Clearly, Plaintiff knew of his termination at the time of occurrence.  But, as noted, Plaintiff does not specify the date of his termination, leaving the Court to speculate as to when it was and how much time elapsed before he filed suit in October 2013, rather than providing the Court with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Central to this showing is the requirement that Plaintiff's claim was brought within six months of his termination. Further, Defendant Giant asserts that Plaintiff was terminated "in 2009," Giant's Mem. 5, well over six months before he filed suit.  Plaintiff does not dispute this allegation, but rather argues that that "the six-month limitation period is not applicable."  Pl.'s Opp'n to Giant's Mot. ¶ 30. Yet, the case law Plaintiff cites in support of his argument discusses not claims for breach of a

4

CBA but rather retaliatory discharge claims, which, as discussed below, Plaintiff has not pleaded in any iteration of his Complaint.  Accordingly, I find that Plaintiff's claim for breach of the CBA is time-barred and must be dismissed.  *See DelCostello*, 462 U.S. at 172.

## B. Breach of the Duty of Fair Representation

The duty of fair representation was recognized in *Vaca v. Sipes*, 386 U.S. 171, 177 (1967), in which the Supreme Court held that the exclusive authority given to unions "to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."  Although not expressly provided for by the LMRA, a suit for the breach of the duty of fair representation has been described as a hybrid that encompasses both a fair representation claim, "which is implied under the scheme of the National Labor Relations Act," and a claim for breach of a collective bargaining agreement under § 301.  *DelCostello*, 462 U.S. at 164–65; *see also Terry v. Chauffeurs, Teamsters & Helpers, Local 391*, 863 F.2d 334, 337–38 (4th Cir. 1988).  The Supreme Court in *DelCostello* held that such actions also are subject to the six-month limitations period provided in § 10(b) of the NLRA.  *DelCostello*, 462 U.S. at 154–55.  As with a breach of a collective bargaining agreement claim, "[the] cause of action accrues when the plaintiff knows or should have known that a violation of his rights has occurred." *Gilfillan*, 24 F. App'x at 167.  As previously noted, many more than six months elapsed between Plaintiff's termination and the filing of his Complaint.  Accordingly, I find that Plaintiff's claim for breach of the duty of fair representation also is time-barred and must be dismissed.

**C. Plaintiff's Attempt to Re-characterize His Pleading**

Plaintiff's filings in response to Defendants' motions to dismiss suggest that he is attempting to modify his claims without amending his complaint. Plaintiff's Amended Complaint states two claims: first, that "the Defendant employer breached the [CBA]"; and second, that "the Union[] breach[ed] its duty of fair representation." Am. Compl. 4. As noted, these claims clearly are encompassed within the LMRA, which Plaintiff appeared to recognize when he identified "29 USC 185" and "Fair Representation/Section 301" as the causes of action on his civil cover sheet. Civil Cover Sheet, ECF No. 3-1. But Plaintiff twice re-characterizes his suit, first as "wrongful termination" against Defendant Giant, in Plaintiff's Response to Order to Show Cause, and later as a "claim of retaliatory discharge . . . independent of collective bargaining agreement," in Plaintiff's Oppositions to Defendants' Motions. Pl.'s Resp. to Order to Show Cause ¶ 1; Pl.'s Opp'n to Giant's Mot. ¶30; Pl.'s Opp'n to the Union's Mot. ¶ 32. However, Plaintiff cannot use an opposition to amend a pleading. *Nicholson v. Fitzgerald Auto Mall*, No. RDB-13-3711, 2014 WL 2124654, at *4 (D. Md. May 20, 2014) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation and quotation marks omitted); *Wright v. Kent Cnty. Dep't of Soc. Servs.*, No. ELH-12-3593, 2014 WL 301026, at *24 (D. Md. Jan. 24, 2014) (same); *Nat'l Labor Coll., Inc. v. Hillier Grp. Architecture N.J., Inc.*, 739 F. Supp. 2d 821, 829 (D. Md. 2010) ("[A] a memorandum of law opposing a motion to dismiss is not the proper means to supplement the complaint.").

The appropriate vehicle would have been a motion to amend, but none is pending before me. Indeed, Plaintiff already has amended without curing this deficiency. In any event, resolving this procedural defect would not change the outcome. Even if I granted Plaintiff leave to amend, this Court lacks jurisdiction over a claim for wrongful termination or, alternately,

retaliatory discharge. These are claims under state law, for which this Court lacks jurisdiction. The Amended Complaint pleads no facts to establish supplemental jurisdiction for state claims that are part of the same case or controversy pleaded in the diversity claim, 28 U.S.C. § 1332(a), and there is no viable federal claim pleaded in the Amended Complaint that would confer federal question jurisdiction, 28 U.S.C. § 1331 (and supplemental jurisdiction for related state claims). Without a basis for original jurisdiction over Plaintiff's reconceived causes of action, this Court perforce lacks supplemental jurisdiction, 28 U.S.C. 1367(a).  Leave to amend "[will] not cure this Court's lack of subject matter jurisdiction," and "amendment is therefore futile." *Smith v. Maryland*, No. RDB-11-2007, 2012 WL 3596098, at *7 (D. Md. Aug. 20, 2012); *see also MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013) (stating that the Court should deny leave to amend if amendment "would . . . amount to futility").

**IV.     CONCLUSION**

In sum, Defendant Giant of Maryland LLC's Motion to Dismiss is GRANTED; and United Food and Commercial Workers, Local 400's Motion to Dismiss is GRANTED. Plaintiff's Amended Complaint IS DISMISSED, and the Clerk is directed to CLOSE THIS CASE.

A separate order shall issue.

Dated: February 6, 2015                                          /S/
                                                     Paul W. Grimm
                                                     United States District Judge